HORACE BEALS, survivor, &c., *v.* THE CONGREGATION B'NAI
JESHURUN.

Under the act for the better security of mechanics, &c., in the city of New-York, passed July 11, 1851, the notice of claim filed with the county clerk, pursuant to the sixth section, must state the name of the owner, against whom the lien is sought to be acquired.

This is a matter of substance—an essential pre-requisite to the *creation* of the lien; and where a notice neither contained the name of the defendants as owners, nor in any manner described, nor attempted to describe them as owners; *held,* in proceedings to foreclose, that the plaintiff had acquired no lien as against the defendants.

*No particular form* of notice is necessary; but it should in substance comply with the requirements of the section.

If the owners are a corporation, it should be named in the notice as owner. If they are an unincorporated association, the individuals composing it should be made defendants in the proceeding to foreclose, and the notice should describe them, either by their associate or joint name, or otherwise, so that they can be identified.

The appearance of the defendants in proceedings instituted to foreclose the lien, does not waive any defect in the previous steps taken to create the lien, nor can the court in those proceedings disregard or amend any defect in the previous notice, which is by the statute made a matter of substance.

The plaintiff having acquired no lien, there is no foundation for proceedings to foreclose.

Whether any description of the owner, by which he may be identified, other than his *name,* will be sufficient; and whether it is sufficient to give the name of *one* of two or more owners? *Quere.*

GENERAL TERM, NOVEMBER, 1852.

THIS was an appeal by the plaintiff, from a judgment entered against him by the direction of a single judge at special term, upon the report of a referee. The issue was joined under the mechanics' lien law of 1851. The facts bearing upon the points decided, appear in the opinion.

*John O. Halsted* and *W. Packard*, for the plaintiff.

*William McMurray* and *Henry Hilton*, for the defendants.

BY THE COURT. WOODRUFF, J.—This is a proceeding to foreclose an alleged lien upon the defendants' house of worship, claimed to have been acquired by the plaintiff, under and by virtue of the act for the better security of mechanics and others in this city, passed July 11, 1851. Judgment was ordered for the defendant, at the special term, upon the ground that the plaintiff had not complied with the requirements of the act, and, therefore, had no lien which he could foreclose, inasmuch as the notice filed by him with the county clerk did not specify the name of the owner of the building.

The notice filed was as follows:—

"NEW YORK, *Sept.* 11*th*, 1851.

"To the clerk of the city and county of New York:—Horace Beals, and as surviving partner of Horace Beals and William Fraser, has a claim for work done and performed, and materials furnished, for and upon the building known as the Jewish Synagogue, situated in Greene street, between Houston and Bleecker streets, in the city of New York, amounting to $265 81. The contractor or agent for whom the work was done and materials furnished, is one Joseph D. Purss.

"One of the trustees, committee men, managing agents and owners, is one Mark Levy.

"Yours, &c.,

"WYNKOOP PACKARD,

"Attorney for Beals and Fraser."

The first section of the act in question, declares that the persons designated "shall, upon filing the notice prescribed in the sixth section hereof, have a lien," &c.

It is, therefore, indispensable to the *creation* of the lien that the *prescribed notice* be filed. The sixth section, in which the

notice to be filed is particularly and minutely described, provides that it shall be in writing; that it shall *specify* the amount of the claim; the person against whom the claim is made; the name of the owner of the building; and the situation of the building, by its street and number, if the number be known.

These particulars are all material. They are matters of substance, and are wisely provided for to enable the county clerk to make the proper docket; to give early notice to owners that their property is sought to be charged; and to protect third persons, (purchasers or mortgagees,) by apprising them of the alleged claim.

And among these requisites of the notice, no one is more important for these purposes than that the name of the owner should be stated.

No *particular form* of notice is necessary, but the notice should in substance comply with the requirements of this section; and without the name of the owner, there *can be* no substantial compliance therewith.

In the present case, the defendants are admitted to be the owners of the building, and yet they are not only not named in the notice filed, but there is no attempt to name or to describe them in any manner. If it were conceded that a description of the owner, given in any form sufficient to identify him would answer, or that an error in the name, which would not mislead any one to his prejudice, would not be fatal, still the present notice would be wholly insufficient to sustain a proceeding against these defendants, who are not named nor described, nor attempted to be identified in any manner.

True, it is said in the notice that Mark Levy is one of the *owners ;* if that is true, the proceeding to foreclose should have been instituted against "Mark Levy" and his co-owners, and when such a proceeding is commenced, it will be proper to consider whether it is sufficient to give the name of one owner only, and then also Mark Levy will have an opportunity to take issue upon the allegation of ownership.

The defendants are either a corporation or not. If they are,

then they should have been named in the notice as owners. If they are not a corporation, then the individuals composing the association should have been made defendants in the proceedings to foreclose, and the notice should have described them either by their associate or joint name, or otherwise, so that they could be identified.

The designation " Jewish Synagogue," in the notice, is no compliance with the act, because it is not the name of the defendants, and because it is not stated in any manner as the name of the owner, nor as the name by which the owner is known or called. On the contrary, the language of the notice is explicit, and limits these words to the description of the *building*, and does not apply it to the owners at all. For aught which that term, in the notice imports, the building though known as the " Jewish Synagogue," and used as such, may be owned by any individual of any faith whatever.

The notice, then, in one view, is defective, and is defective in substance. It lacks a substantial pre-requisite to the creation of the lien.

The counsel for the plaintiff, however, urges that the defendants having appeared in this proceeding to foreclose, by their proper name, have waived the defect, or, at all events, this court can allow an amendment by which the imperfection can be cured.

*First.* The defendants have appeared and set up this very defect as a ground of defence.

If the defect were a merely formal error in the notice by which the *proceedings to foreclose* were instituted, that defect might be deemed waived by a general appearance; but this is not so. The defendants have been called into court to defend. They are rightly here. No irregularity in the manner in which their appearance has been compelled is claimed by them. They are, therefore, here to meet the plaintiff's allegations.

What are they ? *First.* He claims that he has done work, &c., for one Purss, for payment for which he has a lien upon the defendants' building, and he prays that that lien be en-

forced. The defendants answer: "You have no such lien. "You have not taken the steps necessary to acquire one. "The very foundation of your proceeding *against us* has failed."

In this we think the defendants are right. There does not exist a state of things between these parties upon which the plaintiff is entitled to bring these defendants before the court, for the purpose now in view.

*Second.* This court, in a proceeding to enforce or foreclose a lien, cannot, by amendment, create the lien to be foreclosed. We might, perhaps, upon a complaint containing proper averments, overlook immaterial errors, or sustain an imperfect notice which was in substantial compliance with the act, and then proceed to enforce the lien. But we are constrained to say, that in this case no lien as against these defendants has been acquired by the plaintiff. He has, therefore, no claim against *them* to enforce. And we cannot, by amendment, give him a lien when the act has not been complied with, any more than in a proceeding to foreclose a mortgage, we can (on discovering that the plaintiff has no mortgage) direct the defendant to execute and deliver one.

The judgment must be affirmed with costs.

Judgment affirmed.